[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's postjudgment motion to modify his child support obligation based on an alleged change in the parties' financial circumstances since the date of judgment. An evidentiary hearing on this motion was heard on May 30, 1995.
On January 20, 1994, the court, Hammer, J., entered a judgment dissolving the parties' marriage, which judgment included an order obligating the defendant to pay $250 per week for the support of his two, minor children. The defendant's current income is substantially the same as it was on the date of judgment. The court finds, however, that the plaintiff's income has risen significantly since the date of judgment because she has expanded her former parttime nursing job to fulltime employment. On January 20, 1994, her net, weekly income was about $530, and today it is around $685. CT Page 6719
The court finds that this increase in the plaintiff's income constitutes a substantial change in circumstances justifying revisitation of the defendant's child support order under General Statutes § 46b-86(a).
Using the data submitted by the parties in their respective financial affidavits, pursuant to Practice Book § 463, and applying the child support guidelines promulgated under General Statutes § 46b-215a, the court determines that the amount of child support dictated by the guidelines equals about $150 per week. The court has used an average $80 per week child-care expense incurred by the plaintiff in arriving at this figure. The court finds that this child-care expense has been reasonably incurred as a result of the plaintiff's shift from parttime to fulltime employment.
General Statutes §§ 46b-215b(a) and 46b-86(a) permits deviation from the guidelines amount where application of the guidelines would be inequitable and inappropriate. The court finds that application of the guidelines presumption would be inequitable and inappropriate in this case.
The original child support order of $250 per week also substantially exceeded the guidelines figure. Both parties testified at the hearing on this motion that they were aware, on the date of judgment, that the support order, which was set forth in their settlement agreement and adopted by the court, was a deviation from the guideline amount. Unfortunately neither the agreement nor the court's judgment mentions the deviation or the reasons behind it.
The plaintiff testified that the purpose for the deviation, at the time of judgment, was to inflate the plaintiff's income so as to facilitate her acquisition of refinancing on the family residence. In consideration for the enhanced child support obligation the defendant received $10,000 from the proceeds of the newly obtained loan to the plaintiff; the plaintiff agreed to forego any claims to the defendant's pension; and the plaintiff agreed to be responsible solely for any "extra" expenses for the children, such as fees for extracurricular functions. The defendant could not recollect the reason for the upward deviation in his support obligation. The court finds the plaintiff's testimony in this regard to be credible and accurate.
Under guidelines § 46b-215a-3(b)(5)(A), the trier-of-fact may deviate from the guidelines because of the division of assets and CT Page 6720 liabilities if that deviation results in greater, and not lesser, economic benefit to the children. The court finds that the peculiar division of assets and liabilities described above makes strict application of the guidelines inequitable and inappropriate and warrants deviation from the guidelines amount. Using the financial information submitted by the parties to the court on January 20, 1994, the court determines that the original child support order deviated from the guidelines amount, found to be around $170 per week, by $80 per week. The court finds that this deviation continues to be justified in light of the division of assets and liabilities described above.
Therefore, the court grants the defendant's motion to open the judgment and modifies the child support order downward from $250 per week to $230 per week.
Sferrazza, J.